# Exhibit M

|  |  |  |
|---|---|---|
| MARK WATSON | ) ) | |
| Claimant, | ) ) | FINRA Arbitration |
| vs. | ) ) | No. 16-03643 |
| ALLEGIS INVESTMENT SERVICES, LLC;<br>ALLEGIS INVESTMENT ADVISORS, LLC;[1]<br>BRANDON C. STIMPSON.[2] | ) ) ) ) | |
| Respondents. | ) ) | |

## RESPONDENTS' MOTION TO DISMISS

Pursuant to FINRA Rule 12504, Allegis Investment Services, LLC ("Allegis Services") and Brandon Stimpson by and through their attorneys Gordon & Rees LLP respectively submit the following Motion to Dismiss.

## CONFERRAL

Pursuant to FINRA Rule 12503(a)(1), undersigned counsel confirms that prior to filing this motion, counsel made an effort to resolve this motion with the Claimants' counsel.

## I. INTRODUCTION

FINRA lacks jurisdiction over this matter because Claimant cannot compel arbitration under FINRA Rules 12200 or 12201. Claimant is not a customer of a FINRA member and his dispute does not arise out of the business activities of a FINRA member or associated person acting in his FINRA capacity.

Claimant's claims arise out of losses he incurred from participating in an options investment strategy offered and managed by non-FINRA member Allegis Investment Advisors, LLC ("Allegis Advisors"), and recommended to Claimant by Brandon Stimpson in his capacity as an investment adviser representative with Allegis Advisors. To participate in the strategy, Claimant opened an options account at TD Ameritrade and granted discretion to Allegis Advisors to trade options on Claimant's behalf in Claimant's TD Ameritrade account.

---

[1] Allegis Investment Advisors, LLC is not a FINRA member, did not sign a submission agreement, has not submitted to FINRA's jurisdiction, and is not a party to this case.
[2] Mr. Stimpson signed and submitted a submission agreement in his capacity as an associated person of FINRA member Allegis Investment Services, LLC and not in his capacity as an investment adviser representative of non-FINRA member Allegis Investment Advisors, LLC.

1

Although Claimant's dispute concerns investment adviser conduct over which FINRA has no jurisdiction, Claimant filed his dispute in FINRA. Claimant named three respondents (1) Allegis Services, a broker dealer and FINRA member, (2) Allegis Advisers, a registered investment adviser and non-FINRA member, and (3) Brandon Stimpson, a registered representative and investment adviser representative.

Allegis Services did not offer or manage the strategy at issue in this dispute. Claimant did not have an account with Allegis Services and Claimant did not purchase any goods or services from Allegis Services. It is undisputed that Claimant's account was at TD Ameritrade and was managed by Allegis Advisors.

Allegis Advisors is not a FINRA member, did not sign a submission agreement, did not submit to FINRA jurisdiction, and is therefore not a party in this matter. Similarly, Stimpson, who recommended the strategy to Claimant in his capacity as an investment advisor representative of Allegis Advisors did not submit to FINRA jurisdiction in his investment adviser representative capacity. Mr. Stimpson is also a registered representative with Allegis Services and he submitted a submission agreement but signed it only in his capacity as a registered representative.

Claimant's claims in this case are therefore only against Allegis Services and Mr. Stimpson in his registered representative FINRA capacity. Based on undersigned's conferral with Claimant's counsel, this is not in dispute. Rather, Claimant contends Mr. Stimpson took off his "investment adviser hat" and put on his "registered representative hat" for one brief moment while Claimant signed an Allegis Services account application and then put back on his "investment adviser hat." Claimant contends that this one document indicates that Claimant had an account with Allegis Services and therefore can maintain this action in FINRA.

To the contrary, Claimant did not have an account with Allegis Services because Allegis Services is a limited broker dealer and does not have *any* customer accounts. The application was simply used to gather information from Claimant and did not establish an actual account. Claimant's account was at TD Ameritrade as plainly indicated by his account statements. Further, Mr. Stimpson did not recommend the strategy as a registered representative for Allegis Services. Allegis Services *did not exist* when Mr. Stimpson introduced the strategy to Claimant.

Significantly, in another FINRA matter nearly identical to this one brought by a customer against Allegis Services for losses suffered in the same strategy on the same trade as alleged by Claimant here, the FINRA panel, after a four day evidentiary hearing, dismissed all the claims against Allegis Services for lack of jurisdiction in a public award. ***See Award, In the Matter of Dwight Jay Hansen IRA et al. v. Allegis Investment Services, LLC et al.*, case number 17-00135 ("*Hansen Award*"), attached hereto, Ex. A p. 3** and *see* **redacted copy of *Statement of Claim* in *Hansen*, Ex. B.** The FINRA panel found the claimants were not customers of Allegis Services under FINRA Rules 12200 and 12201.

For these reasons, discussed further below, this panel should dismiss Claimant's Statement of Claim. Respondents further request the panel to award them attorneys fees and costs incurred in this matter because Claimant knowingly brought and maintained this action in the wrong forum, against the wrong party, and against Mr. Stimpson in the wrong capacity.

## II. BACKGROUND

In November 2013, Stimpson met with Claimant and recommended he adopt an options trading strategy offered by Allegis Advisors, known as the "RUT Strategy." At that time, Mr. Stimpson was an investment adviser representative with Allegis Advisers. On November 22, 2013 Claimant formally established an advisory relationship with Allegis Advisors by signing a Discretionary Advisory Contract with Allegis Advisors. ***See Discretionary Advisory Contract*, attached hereto, Ex. C**. This document provides, in part, that Claimant agreed to arbitrate disputes arising out of adviser's services in AAA. Mr. Stimpson signed this document as Claimant's investment adviser representative. ***See Id.*, p. 4**.

On December 9, 2013, Mr. Stimpson followed up with Claimant in an email. ***See December 2013 Email*, attached hereto, Ex. D.** Notably, Mr. Stimpson's email signature block states he is an investment advisor representative with Allegis Advisors. ***See Id.*, p. 2.** Claimant, however, chose not to adopt the RUT Strategy at this time. ***See Id.*, p. 1.** Mr. Stimpson, however, stayed in touch with Claimant and continued to update Claimant on the RUT Strategy, and in January 2015, Claimant ultimately decided to adopt the RUT Strategy.

To adopt the strategy, Claimant opened an options trading account at TD Ameritrade and signed documents granting discretion to Allegis Advisers to trade options in Claimant's TD Ameritrade account on behalf of Claimant. Specifically, Claimant signed a second Discretionary Account Agreement with Allegis Advisors dated January 26, 2015, where he again, agreed to resolve disputes relating to the services of Allegis Advisors before the American Arbitration Association ("AAA"). ***See Discretionary A Agreement*, attached hereto, Ex. E, p. 4.** Mr. Stimpson again signed this document as Claimant's investment adviser. ***See Id.*, p. 6.** Claimant also signed an Options Disclosure Acknowledgment Form with Allegis Advisors, in part acknowledging that he had discussed any questions regarding the RUT Strategy with his "AIA [Allegis Investment Advisors] Representative," and Mr. Stimpson signed the form as Claimant's "IAR" [investment adviser representative]. ***See Options Disclosure Acknowledgment Form*, attached hereto, Ex. F.**

To further gather information from Claimant, Mr. Stimpson used an account application from Allegis Services, a broker dealer and affiliate company to Allegis Advisors. ***See* Application, attached hereto, Ex. G** and ***Affidavit of Compagno*, attached hereto, Ex. H, p. 2**. This form was used to gather information about Claimant's finances (███████████), investment experience (over █████), investment objectives (███████████), and risk tolerance (█████████). ***See* Application, Ex. G.** This document did not create an account at Allegis Services. ***See Affidavit of Compagno*, Ex. H, p. 2.**

Claimant's account was at TD Ameritrade as clearly shown by Claimant's account statements. ***See TD Account Statement*, August 2015, attached hereto, Ex. I.** Significantly, Claimant's account statements list the Allegis Advisors as the investment advisor on the account. ***See Id.*, Ex. I, p. 3.** Allegis Services appears nowhere on Claimant's account statements.

Claimant enjoyed gains in his TD Ameritrade account until late August 2015, when market volatility spiked causing losses in the RUT Strategy. ***See Id.***

3

On August 5, 2016, in response to a demand letter in which Claimant indicated he would file a "public" litigation, Respondents' counsel informed Claimant's counsel that Claimant agreed to arbitrate his dispute before AAA. ***See Respondents' Response to Demand Letter*, Aug 5, 2016, attached hereto as Ex. J, p. 3.** Claimant, however, filed this action with FINRA. FINRA's lack of jurisdiction was raised in the Answer and raised again in the conferral process prior to the filing of this motion.

### III.    LEGAL ARGUMENT

####    A.    The Motion to Dismiss Standard.

FINRA Rule 12504(a)(6)(b), provides that a dismissal is proper when **"the moving party was not associated with the account(s), security(ies), or conduct at issue**." [emphasis added]. FINRA explains the purpose of this rule as follows:

> A panel cannot act on a motion to dismiss under Rules 12504(a)(6)(B) and 13504(a)(6)(B) unless the panel determines that the moving party was not associated with the accounts, securities or conduct at issue. **FINRA intends this exception to apply in cases involving issues of misidentification.** For example, the panel could grant a motion to dismiss under this exception if a party files a claim against the wrong person or entity, or a claim names an individual who was not employed by the firm during the time of the dispute.

[emphasis added]. ***Regulatory Notice 09-07*, January 2009, attached hereto, Ex. K, p. 5**.

####    B.    Another FINRA Panel awarded a dismissal of a nearly identical claim.

Another FINRA arbitration panel determined, after a four day evidentiary hearing, that FINRA lacks jurisdiction over identical claims brought by other persons against Allegis Services arising out of the same RUT Strategy and losses that occurred on August 20, 2015 at issue here. *See Hansen Award* **dated December 19, 2017, Ex. A p. 3** and *see* redacted copy of *Statement of Claim* in *Hansen*, **Ex. B., p. 3.** The Panel found that the claimants were not customers of Allegis Services and that Mr. Stimpson was not acting in his capacity as an associated person of a FINRA member:

> The Panel finds that FINRA lacks jurisdiction of this dispute pursuant to Rules 12200 and 12201 because Claimants were not Customers of FINRA member Respondent Allegis Investment Services LLC, and the individual Respondents Heath Shayne Bowen and Brandon Curt Stimpson were not acting in their capacity as associated person of a member.

*Hansen Award,* **Ex. A p. 3.**[3]

---

[3] Because Respondents are using this award in this motion, Claimant's counsel requested Respondents provide a history of motions to dismiss Respondents filed in other FINRA cases arising out of the RUT Strategy. Allegis Services made motions to dismiss in four other FINRA cases. In three cases, the FINRA panels denied the motions, but Claimants' counsel subsequently dismissed the cases. One case was re-filed *against Allegis Advisors in AAA* and is currently pending. Two cases resolved by a settlement *with Allegis Advisors*. In the fourth case, Respondents did not file a written motion to dismiss and instead raised the motion at the evidentiary hearing and the panel granted the motion. ***See Hansen Award*, Ex. A.**

### C. FINRA lacks jurisdiction under FINRA Rules 12200 or 12201.

   1. **Claimant cannot satisfy FINRA Rule 12200 because Claimant is not a customer of Allegis Services and Claimant's claims do not arise in connection to Allegis Services' business activities.**

FINRA rule 12200 requires FINRA arbitration if certain conditions are met:

> Parties must arbitrate under the Code if:
> - Arbitration under the Code is either:
>   (1) Required by a written agreement, or
>   (2) Requested by the <u>customer</u>; **and**
> - The dispute is between a <u>customer</u> and a member or associated person of a member; **and**
> - <u>The dispute arises in connection with the business activities of the member or the associated person</u>, except disputes involving the insurance business activities of a member hat is also an insurance company.

**FINRA Rule 12200** [emphasis added]. The FINRA Code does not define customer, except that it excludes the broker or dealer. FINRA Rule 12100(i). Federal courts, however, have analyzed "customer" for the purposes of FINRA Rule 12200 and have held a customer is:

> …one who, while not a broker dealer, either (1) purchases a good or service from a FINRA member, or (2) has an account with a FINRA member.

***Citigroup Global Mkts v. Abbar*, 761 F.3d 268, 276 (2nd Cir. 2014), attached hereto, Ex. L.** In reaching this conclusion, the Court stated:

> The purchase of a good or service from a FINRA member creates a customer relationship…. [W]hen it is clear that no goods or services were provided by the FINRA member, there is no need to grapple with the precise boundaries of the FINRA meaning of 'customer' because "no rational factfinder could infer a customer relationship on such facts.

***Id.* at 275, Ex. L** (*citing Wachovia Bank, Nat'l v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011)(finding no customer relationship where the FINRA member did not provide brokerage services).

Here, Claimant was not a customer of Allegis Services and his dispute does not arise out of the business activities of Allegis Services or Mr. Stimpson as a registered representative with Allegis Services. Claimant did not have an account with Allegis Services because Allegis Services, as a limited broker dealer, does not have *any* customer accounts and does not hold any customer funds. ***See Affidavit of Compagno*, Ex. H, p. 2.** Claimant also did not purchase securities, products, or services from Allegis Services. ***See Id.*** It is undisputed that Claimant's account was at TD Ameritrade and it was managed by non-FINRA member Allegis Advisors. ***See TD Account Statement*, Ex. I.**

TD Ameritrade was Claimant's broker dealer and held Claimant's funds in Claimant's options account and executed the options trades. *See Id.* Claimant was charged a management fee by Allegis Advisors which appears on Claimant's TD Ameritrade account statements. *Id.*

Based on undersigned counsel's conferral with Claimant's counsel, Claimant contends he had an account at Allegis Services because he signed an Allegis Services account application and Mr. Stimpson signed the application as a registered representative. **See Application, Ex. G, p. 2.** This document, however, did not establish any account with Allegis Services, but rather was used to gather information about Claimant. ***See Affidavit of Compagno*, Ex. H, p. 2.** This document does not create an actual customer account. *Id.*

Numerous documents show Claimant's relationship was with Allegis Advisers and TD Ameritrade. Emails show Mr. Stimpson recommended the RUT Strategy to Claimant in 2013, and that Claimant signed a Discretionary Advisory Contract with Allegis Advisors and Mr. Stimpson as "Adviser" <u>before Allegis Services existed and thus before Mr. Stimpson became a registered representative with Allegis Services</u>. ***See December 2013 Email*, Ex. D;** *see **Discretionary Advisory Contract*, Ex. C, p. 4;** *see **Affidavit of Compagno*, Ex. H, p. 1.** In 2015, Claimant signed another Discretionary Advisory Agreement with Allegis Advisers and Mr. Stimpson as "Adviser". ***See Discretionary Advisory Agreement*, Ex. E, p. 6.** With these agreements, Claimant gave discretionary trading authority to Allegis Advisors.

Claimant also signed an Options Disclosure Acknowledgment with Allegis Advisors acknowledging that he could lose his entire investment in the RUT Strategy and further acknowledging that he discussed any questions he had with his "AIA [Allegis Investment Advisors] Representative." ***See Options Disclosure Acknowledgment Form*, Ex. F.** This form is also signed by Mr. Stimpson as "IAR" (investment adviser representative). *See Id.*

Finally, Claimant's own account statements show that his account was at TD Ameritrade (not Allegis Services) and that his account was managed by Allegis Advisors. ***See TD Account Statement*, Ex. I.** This account statement also shows the loss over which Claimant is suing. *See Id.*

> 2. **Claimant does not meet FINRA Rule 12201 because neither Allegis Advisors nor Stimpson in his investment advisor representative agreed to submit to FINRA jurisdiction.**

FINRA Rule 12201 provides for elective arbitration and states:

> Parties may arbitrate a dispute under the Code if:
> - The parties <u>agree in writing to submit the dispute to arbitration</u> under the Code after the dispute arises; **and**
> - The dispute is between a customer and a member, associated person of a member, or other related party; **and**
> - The dispute <u>arises in connection with the business activities of a member</u> or an associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

6

**FINRA Rule 12201** [emphasis added]. Neither Allegis Advisors nor Mr. Stimpson in his capacity as an investment adviser representative with Allegis Advisors submitted to FINRA jurisdiction. Allegis Advisors did not sign a submission agreement, and Mr. Stimpson signed the submission agreement only in his capacity as a registered representative with Allegis Services and not as an investment advisor representative with Allegis Advisers. *See Mr. Stimpson's Submission Agreement***, attached hereto, Ex. M.** Moreover, for investment adviser firms and representatives to submit to FINRA jurisdiction, FINRA requires them to sign a special submission agreement – this special form was not signed here**.** *See FINRA Investment Advisors Submission Page and Form***, attached hereto, Ex. N** (available at: https://www.finra.org/arbitration-and-mediation/investment_advisers).

Further, disputes between Claimant and Allegis Advisors and Mr. Stimpson in his capacity as an investment adviser representative are required to be arbitrated before AAA pursuant to two agreements signed by Claimant. S*ee Discretionary Advisory Contract* **dated November 22, 2013, Ex. C, p. 3** and *Discretionary Advisory Agreement* **dated January 26, 2015, Ex. E, p. 4.**

Finally, as discussed, Claimant's claims do not arise in connection with the business activities of Allegis Services or Mr. Stimpson as a registered representative of Allegis Services.

> **D. Respondent requests an award of attorneys' fees and costs because Claimant knowingly brought and maintained claims in the wrong forum, against the wrong entity, and against Mr. Stimpson in the wrong capacity.**

Arbitrators in FINRA matters may award attorneys fees where parties have submitted to FINRA jurisdiction and each party's pleadings expressly empower the arbitrator to award attorneys fees by requesting attorneys' fees. *Adviser Dealer Services, Inc. v. Icon Advisers, Inc.***, 557 Fed.Appx. 714, 718 (10th Cir. 2014), attached hereto, Ex. O.** Here, all parties requested attorneys' fees and costs in their pleadings.

The Utah Uniform Arbitration Act allows arbitrators to award attorneys' fees and other expenses where authorized by law in a civil action. **Utah Code § 78B-11-122(2), attached hereto, Ex. P.** The Utah Judicial Code provides that "[i]n civil actions, the court shall award reasonable attorneys' fees to a prevailing party if the court determines that the action or defense to the action was without merit…." **Utah Code § 78B-5-825(2), attached hereto, Ex. Q.**

An award of attorneys' fees and costs here is reasonable and justified in light of Claimant's filing and maintaining this action in the wrong forum, against the wrong entity, and against Mr. Stimpson in the wrong capacity.

On August 5, 2016, Respondents' counsel notified Claimant that Claimant agreed to arbitrate his dispute with Allegis Advisors before the AAA, but Claimant filed his action in FINRA anyway. Respondents raised lack of FINRA jurisdiction in their Answer. Thus far all similar statements of claim filed in FINRA have been dismissed by Claimant's counsel or, in one case, by the FINRA panel in a public award.

Respondents' counsel conferred with Claimants' counsel several times before filing this motion, but Claimant has continuously refused to dismiss his claims and, incorrectly, claim that he

7

somehow had an account with Allegis Services when it is clear that his account was at TD Ameritrade and was managed by Allegis Advisors. Respondent will provide the Panel with the amount of fees and costs incurred within seven days of the panel granting this request.

## CONCLUSION

Based upon the foregoing, Respondents Allegis Investment Services, LLC and Brandon Stimpson respectfully request that the FINRA panel dismiss Claimant's Statement of Claim and award costs and attorneys feed incurred in this action.

Respectfully submitted this 8th day of January, 2018.

GORDON REES SCULLY MANSUKHANI LLP

*s/Tamara A. Seelman*
Tamara A. Seelman
555 17TH Street, Suite 3400
Denver, CO 80202
tseelman@gordonrees.com
Tel: 303-534-5160

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2018, the foregoing **RESPONDENTS' MOTION TO DISMISS** was served by email to:

Jonathan O. Hafen
Chad S. Pehrson
PARR BROWN GEE & LOVELESS
101 South 200 East, Ste. 700
Salt Lake City, Utah 84111
jhafen@parrbrown.com
cpehrson@parrbrown.com

COUNSEL FOR CLAIMANT

*s/Tamara A. Seelman*
for Gordon Rees Scully Mansukhani LLP