Mary Anne Q. Wood, Utah Bar No. 3539
WOOD BALMFORTH LLC
60 East South Temple, Suite 500
Salt Lake City, Utah 84111
Tel: 801-366-6060
Fax: 801-366-6061
Email: mawood@woodbalmforth.com

Tamara A. Seelman, Colorado Bar No. 29391
GORDON REES SCULLY MANSUKHANI LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: 303.534.5160
Fax: 303.534.5161
Email: tseelman@grsm.com
*Admitted pro hac vice*

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALLEGIS INVESTMENT SERVICES, LLC; ALLEGIS INVESTMENT ADVISORS, LLC; and BRANDON C. STIMPSON,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>MARK WATSON,<br><br>　　　　Defendant. | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE OR MODIFY ARBITRATION AWARD**<br><br>Civil Case No.: 2:18-cv-00283<br><br>Judge: Jill N. Parrish |

Plaintiffs Allegis Investment Services, LLC ("Allegis Services"), Allegis Investment Advisors, LLC ("Allegis Advisors"), and Brandon C. Stimpson (collectively "Plaintiffs"), by and through their attorneys, submit this Reply Memorandum In Support of Plaintiffs' Motion to Vacate or Modify the Arbitration Award.

## INTRODUCTION

Defendant was a client of non-FINRA member, registered investment adviser ("RIA") Allegis Advisors and agreed to arbitrate disputes arising out of Allegis Advisors' services before the American Arbitration Association ("AAA"). Defendant's dispute arises out of losses he incurred in his TD Ameritrade account that was managed by Allegis Advisors. Defendant, however, did not file his arbitration in AAA but instead before the Financial Industry Regulatory Authority ("FINRA"). FINRA, however, is only available to customers of FINRA members and Allegis Advisors is not a FINRA member. Defendant asserted claims against Allegis Advisors and its affiliate broker dealer FINRA member, Allegis Services—an entity that was not involved with Defendant's account at TD Ameritrade or the trade that caused the losses at issue.

Defendant's dispute is not between Defendant and Allegis Services. Defendant was not a customer of Allegis Services, he did not purchase any good or service from Allegis Services, and his dispute does not arise in connection with the business activities of Allegis Services. Importantly, the FINRA Panel ("Panel") <u>did not find Defendant was a customer of Allegis Services</u>. Rather, the Panel based its Award on finding Allegis Services and Allegis Advisors were "conflated." This was improper. The Panel presumably understood the dispute was between Defendant and Allegis Advisors and it had no jurisdiction so it made an improper finding in an attempt to pull Defendant's dispute within FINRA jurisdiction. Allegis Advisors, however, never submitted to FINRA jurisdiction, was not a party to the arbitration, and Defendant never asked the Panel to determine whether Allegis Advisors and Allegis Services were "conflated." The Panel had no authority to make any findings with respect to Allegis Advisors.

Plaintiffs have always treated Allegis Advisors and Allegis Services as separate entities.

1

They are both plaintiffs in an insurance case only because Defendant and others have indiscriminately named both entities in arbitration actions. Further, Plaintiffs never raised Defendant's "hat switching" argument. Plaintiffs have consistently maintained and the evidence showed Mr. Stimpson was acting and being compensated as an investment adviser representative for Allegis Advisors in his dealings with Defendant. The Court should vacate the Award because FINRA lacked jurisdiction over the dispute.

## BACKGROUND

Defendant did not specifically respond to Plaintiffs' Factual Background but instead offered his own lengthy recitation of facts. Defendant's factual summary raises numerous facts irrelevant to Plaintiffs' argument that the FINRA Panel lacked jurisdiction. Defendant, however, did not dispute the key facts that show FINRA lacks jurisdiction over his dispute as set forth in Plaintiffs' Motion. *See* Pls.' Mot. at 3-6.

## ARGUMENT

**I.     THE FINRA PANEL EXCEEDED ITS AUTHORITY.**

    **A.     Defendant Was Not A Customer Of A FINRA Member And His Dispute Did Not Arise In Connection With The Business Activities of a FINRA Member.**

FINRA arbitration is available only to customers of FINRA's members whose dispute "arises in connection with the business activities" of a FINRA member. *See* Pls.' Mot. at 6. A "customer" is one who purchases goods or services from or has an account with a FINRA member. *Citigroup Global Mkts v. Abbar*, 761 F.3d 268, 276 (2nd Cir. 2014). A "customer" of a FINRA member can compel the FINRA member to FINRA arbitration even if the customer signs an agreement with that FINRA member that specifies another dispute resolution process. *See* Def.'s Opp'n. at 12. But this did not happen here because there is no agreement between

2

Defendant and Allegis Services. The AAA arbitration agreements at issue are between Defendant and non-FINRA member Allegis Advisors. In addition, Defendant is not a customer of Allegis Services. Further, RIAs like Allegis Advisors can voluntarily submit to FINRA arbitration but only if three conditions are met: (1) the RIA signs a post dispute agreement to arbitrate, (2) the RIA agrees to pay FINRA's fees, and (3) all parties sign a "special written submission agreement," a specific form provided by FINRA. *See* Pls.' Mot. at 6.

Defendant was not a customer of FINRA member Allegis Services. Defendant did not purchase goods or services from Allegis Services or Stimpson as a registered representative because Allegis Advisors offered and managed the strategy Defendant purchased. Defendant did not have an account at Allegis Services because his account was at TD Ameritrade. Defendant's dispute does not arise in connection with the business activities of Allegis Services because, again, Allegis Advisors offered and managed the strategy. Importantly, <u>the Panel did not find Defendant was a customer of Allegis Services</u> presumably agreeing with Plaintiffs.

Defendant argues he was a customer of Allegis Services and is therefore entitled to FINRA arbitration. Notably, Defendant does not address the second factor under FINRA Rules 12200 and 12201 which requires Defendant's dispute to "arise in connection with the business activities" of a FINRA member. *See* Pls.' Mot. at 6. Defendant cannot satisfy FINRA's jurisdiction requirements by only arguing he was a customer of Allegis Services.

Defendant argues he was a customer of Allegis Services because he "conducted business" with Allegis Services. Specifically, he contends Stimpson was acting as a registered representative of Allegis Services when he met with Defendant and offered the Allegis Advisors' strategy. This is untrue and unsupported by the evidence. The testimony and account documents

3

clearly showed Stimpson acted in his capacity as an investment advisor representative of Allegis Advisors during his dealings with Defendant. *See* Pls.' Mot. at 2; *see also* Ex. B to Def.'s Opp'n, Arb. Tr. 272:12-273:22. Stimpson did not sell any securities to Defendant. Rather, Stimpson recommended a *trading strategy* whereby Defendant granted Allegis Advisors discretion to make trades on Defendant's behalf in Defendant's TD Ameritrade account. *See* Ex. C to Def.'s Opp'n, Arb. Tr. 415:17-416:9. Defendant paid Allegis Advisors a monthly management fee for this service based on the amount of assets Defendant gave to Allegis Advisors to manage. *See* Ex. U. When Allegis Advisors made a trade in Defendant's TD Ameritrade account, the purchase and sale of a security occurred between TD Ameritrade and Defendant and for which TD Ameritrade received a commission from Defendant, as evidenced by Defendant's trade confirmation notices issued by TD Ameritrade. *See* Ex. V.

Further, none of the case law Defendant cites is relevant here. Each case Defendant cites is factually distinct as it involves misrepresentations by a registered representative of a FINRA member relating to the purchase or sale of a security. *See Vestax Securities Corp. v. Skillman*, 117 F.Supp.2d 654, 657 (N.D. Ohio 2000) (a registered representative, in his capacity as a registered representative of a FINRA member broker dealer, made misrepresentations while recommending securities, which investors purchased at another broker dealer); *see WMA Securities Inc v. Ruppert*, 80 F.Supp. 2d 786, 789 (S.D. Ohio 1999) (investors sued a FINRA member broker dealer, where they had a mutual fund account, over the sale of promissory notes by the FINRA member's registered representative); *see Lehman Bros. Inc. v. Certified Reporting Co.*, 939 F.Supp. 1333, 1340 (N.D. Ill. 1996) (a FINRA member registered representatives committed fraud in soliciting and recommending stock).

Defendant next contends he opened an account with Allegis Services and Allegis Services received compensation from his securities purchases. This is also untrue. Defendant's account statements clearly show his account was at TD Ameritrade and Defendant paid a management fee *to Allegis Advisors*. *See* Ex. U. Defendant signed an Allegis Services account "application" but that did not open an actual account at Allegis Services because Allegis Services does not have customer accounts. *See* Ex. C to Def.'s Opp'n, Arb. Tr. 426:13-427:24. Allegis Services is a limited broker dealer that only sells mutual funds and life insurance and does not hold any customer funds. *Id.* The "application" document was merely used to gather information. *Id.* Defendant cited nothing to show Defendant had an actual account at Allegis Services or any authority for his theory that completing an account application actually opens an account. Further, there was no evidence showing Allegis Services received compensation from Defendant. To the contrary, the Discretionary Account Agreements between Defendant and Allegis Advisors show he agreed to pay Allegis Advisors a management fee of 2.5% of assets under management. *See* Exs. A and B to Pls.'Mot. at Ex. A. Defendant's TD Ameritrade account statements show he actually paid these management fees to Allegis Advisors. *See* Ex U. The trade confirmations show Defendant paid commissions to TD Ameritrade. *See* Ex. V.

Defendant further contends he is a customer of Allegis Services because he claims the trading strategy is a good or service he purchased from Allegis Services. Again, this is untrue. The trading strategy was offered and managed by Allegis Advisors. Defendant purchased management services from Allegis Advisors. Defendant paid management fees to Allegis Advisors. Defendant cited no documents demonstrating a record or receipt of services or goods purchased from Allegis Services because none exist.

5

Finally, Defendant contends he is a customer of Allegis Services because he alleged Allegis Services failed to supervise its associated person under FINRA Rule 3110. The Second Circuit cases Defendant cites for his support, however, predate the Second Circuit's *Citigroup v. Abbar* case which expressly clarifies how to determine "customer" status and under facts very similar to those here. Neither of these cases found "customer status" because of a failure to supervise, but rather on the basis of the "in connection with the business" element under FINRA Rule 12200. *See John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 58 (2d Cir. 2001)(deciding the dispute arose out of the associated person's business because "no federal appellate court ha[d] prohibited" such claim, which is no longer true after *Abbar)*; *see also Oppenheimer & Co. Inc. v. Neidhardt*, 56 F.3d 352, 357 (2d Cir. 1995) (finding the dispute arose in connection with the FINRA member because the FINRA member's vice president had custody of the funds). These cases are also factually distinct and ultimately inapplicable because in both, the registered representative was acting in a brokerage capacity by selling an unpermitted fraudulent security.

As discussed, Stimpson was not acting as a registered representative in his dealings with Defendant, but Rather as an investment adviser representative for Allegis Advisors. Because Defendant was not a customer of Allegis Services and his dispute did not arise in connection with the business activities of Allegis Services, the FINRA lacked jurisdiction . The Panel, therefore, exceeded its authority in hearing this matter and entering an Award.

    **B.**    **Defendant's Claims are Subject to the AAA Arbitration Agreements with Allegis Advisors and Allegis Advisors did not voluntarily submit to FINRA**

"A party cannot be required to submit to arbitration any dispute he has not agreed to submit." *Bridgestone/Firestone, Inv. v. Local Union No. 998,* 4 F.3d 918, 921(10th Cir. 1993). Defendant's dispute arises out of losses incurred in a strategy offered and managed by Allegis

6

Advisors, which Defendant agreed to arbitrate before AAA. Defendant's dispute is therefore subject to his agreements to arbitrate before AAA. Allegis Advisors did not voluntarily submit to FINRA arbitration. Allegis Advisors did not satisfy any of three conditions required by FINRA for a RIA to submit to FINRA arbitration. Similarly, Stimpson specifically noted on his submission agreement he was not submitting to FINRA arbitration in his capacity as an investment adviser representative of Allegis Advisors. The Panel, therefore, exceeded its authority by entering an award against Allegis Advisors and Mr. Stimpson.

Defendant contends the Panel had jurisdiction over Allegis Advisors because it found Allegis Advisors "answered the Statement of Claim." Allegis Advisors did not answer the Statement of Claim. Allegis Advisors did not satisfy FINRA's three requirements for arbitration with an RIA. The Panel even recognized "Allegis Advisors did not file with FINRA….a properly executed submission agreement." *See* Ex. P to Pls.' Mot. The Answer also repeatedly asserts FINRA lacks jurisdiction over this dispute and thus cannot be construed as some kind of waiver. *See* Ex. K to Pls.' Mot. There is no support for a waiver argument because FINRA has explicitly stated the three requirements an RIA must meet to submit to FINRA arbitration. Allegis Advisors was clearly not a party to the case and did not answer the Statement of Claim.

Defendant further contends the Panel had jurisdiction because it found Allegis Advisors and Allegis Services were "conflated." The Panel, however, did not have authority to make this finding. Defendant's dispute was subject to the two arbitration agreements with Allegis Advisors requiring arbitration before AAA. Allegis Advisors also did not voluntarily submit to FINRA arbitration. Further, Defendant did not assert a claim or otherwise request the Panel to determine whether Allegis Advisors and Allegis Services were "conflated." Had Defendant done so, there

7

would have been evidence and argument presented on the issue. The FINRA Panel had no authority to make findings with respect to Allegis Advisors.

## II.     THE FINRA PANEL'S AWARD IS "IRRATIONAL."

The Award fails the "Irrationality" test because the Panel's Award over a dispute involving a non-FINRA member RIA is contrary to the parties' agreements to arbitrate before AAA. The Award cannot be rationally drawn from the AAA arbitration agreements and is therefore based on the Panel's "own beliefs of fairness and justice" and not on contracts agreed to between the parties or FINRA Rules. The Panel's specific "conflated" finding suggests it knew it lacked jurisdiction but it nevertheless wanted to enter an award. The Award is irrational.

## III.    THE PANEL MANIFESTLY DISREGARDED THE LAW BY FAILING TO FOLLOW FINRA RULES 12200 and 12201 AND *CITIGROUP v. ABBAR.*

Defendant was not a customer of Allegis Services or Stimpson as a registered representative under the standard in *Citigroup v. Abbar* because the evidence shows he did not purchase goods or services from Allegis Services and did not have an account with Allegis Services. Because Defendant was not a customer of Allegis Services under *Abbar*, Defendant cannot meet FINRA Rules 12200 and 12201.

Defendant argues the Tenth Circuit has not adopted *Abbar*. In the arbitration, however, Defendant conceded *Abbar* is the strongest on-point authority for determining a "customer" under FINRA Rules 12200 and 12201 and that courts have cited it extensively. *See* Ex. C to Def.'s Opp'n, Arb. Tr. 545:10 to 546:11; 548:3 to 549:14. *Abbar* is persuasive here because the facts in *Abbar* are nearly identical to the facts here. *Abbar*, 761 F.3d at 276. *Abbar* involves an investor who had worked with Citigroup UK on options but filed a FINRA arbitration against Citigroup UK's broker dealer affiliate Citigroup New York despite an agreement to arbitrate

8

disputes with Citigroup UK in the United Kingdom. The court determined the investor could not compel corporate affiliate to FINRA arbitration because the investor was not a customer of Citigroup New York. The Panel should have followed this case and reached the same result here.

## IV.   THE FINRA PANEL VIOLATED PUBLIC POLICY BY IGNORING THE AAA AGREEMENTS.

The FINRA Panel ignored two valid agreements to arbitrate before the AAA and improperly exercised jurisdiction over non-FINRA member Allegis Advisors in a dispute over its advisory services. The Court should, therefore, vacate the Award as it violates the well-established public policy of "enforcement of private arbitration agreements on equal footing as other contracts and not requiring parties to arbitrate when they have not agreed to do so." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 293 (2002).

## V.   THE FINRA PANEL IMPROPERLY ISSUED AN AWARD ON A MATTER NOT SUBMITTED TO IT BY FINDING ALLEGIS ADVISORS AND ALLEGIS SERVICES ARE "CONFLATED."

The FINRA Panel improperly determined Allegis Advisors and Allegis Services were "conflated" which was not submitted to the Panel for determination. The Panel presumably made this finding because it knew FINRA lacked jurisdiction over Defendant's dispute for the reasons discussed above. The Panel therefore made this improper finding to justify the Award. The parties, however, did not ask the Panel to determine whether these entities were "conflated."

Defendant argues he submitted the "conflated" issue to the Panel in a pre-hearing brief by making a judicial estoppel argument. Specifically, Defendant contends Allegis Services was judicially estopped from claiming it did not offer the strategy at issue because in a separate case filed by Allegis Advisors and Allegis Services against their insurance carrier, they referred to themselves jointly as "Allegis." This is a red herring. Allegis Advisors and Allegis Services are

9

both insured under an insurance policy and both are plaintiffs in an action against their carrier because Defendant, and others, have named both entities in arbitrations. Plaintiffs have always treated these entities differently as illustrated by the multiple motions to dismiss they filed in the arbitrations. *See* Def.'s Opp'n at n.3. The reference to the entities as "Allegis" in the insurance case was merely for clarity and convenience to the court. Further, despite raising judicial estoppel, Defendant did not allege or prove the elements of judicial estoppel:

> (1) the prior and subsequent litigation involve the same parties or their privies; (2) the prior and subsequent litigation involve the same subject matter; (3) the prior position was successfully maintained; and (4) the party seeking judicial estoppel has relied upon the prior testimony and changed his position by reason of it.

*Orvis v. Johnson,* 177 P.3d 600, 602 (Utah 2008). Defendant is not a party to the insurance case so he cannot establish same parties or privity. The subject matter differs because the insurance case is about bad faith denial of coverage. The insurance case is still pending, and Defendant has not specified any prior testimony or argued a change in position in reliance upon such testimony. Defendant did not submit whether Allegis Services and Allegis Advisors are "conflated" to the Panel, therefore, the Panel improperly issued an Award based on a matter not submitted.

## **CONCLUSION**

Plaintiffs request the Court grant their Motion to Vacate or Modify Arbitration Award.

DATED this 3rd day of May, 2018.

        WOOD BALMFORTH LLC

        /s/ Mary Anne Q. Wood
        Mary Anne Q. Wood
        60 East South Temple Street, Suite 500
        Salt Lake City, Utah 84111
        Telephone: (801) 366-6060
        mawood@woodbalmforth.com


        GORDON REES SCULLY MANSUKHANI


        /s/ Tamara A. Seelman
        Tamara A. Seelman
        555 Seventeenth Street, Suite 3400
        Denver, Colorado 80202
        Telephone: (303) 534-5160
        tseelman@grsm.com
        *Admitted Pro Hac Vice*

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2018, I caused a true and correct copy of **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE OR MODIFY ARBITRATION AWARD** to be filed via the Court's electronic filing system, which served a copy upon all counsel of record.

>Jonathan O. Hafen
>Chad S. Pehrson
>Stephen Mouritsen
>PARR BROWN GEE & LOVELESS
>101 South 200 East, Ste 700
>Salt Lake City, UT 84111
>smouritsen@parrbrown.com

/s/ Mary Anne Q. Wood